COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-148-CR

DAVID FERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Fernandez rejected a plea bargain offer of eight years’ confinement and entered an open plea of guilty to felony driving while intoxicated and a plea of true to the enhancement paragraph on punishment.  After a trial on punishment, the jury assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant did not file a motion for new trial.  In one point, Appellant contends that his trial counsel committed ineffective assistance by not timely discovering that two grand juries were empaneled during the term in which he was indicted and by not timely discovering that the court reporter had mistakenly sent an exhibit not admitted into evidence back to the jury room for punishment deliberations.  Because we hold that Appellant has not met his burden of proving ineffective assistance, we affirm the trial court’s judgment.

We cannot consider the affidavit of Appellant’s counsel attached to the brief because it was not filed below and is therefore not a part of the appellate record.
(footnote: 2)  Appellant initially appears to contend that had he known that the person who signed his indictment was in fact the foreman of the grand jury who heard his case, he might not have rejected the plea offer of eight years’ confinement.  Nothing in the record supports this speculation.  Similarly, Appellant’s complaint that the jury reviewed an exhibit that was not admitted into evidence is not supported by the record.  Accordingly, based upon the appropriate standard of review,
(footnote: 3) we overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Whitehead v. State
, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); 
see also
 
Tex. R. App. P.
 34.1.

3:
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
 (all providing standard of review for ineffective assistance claims).